**Elvin REYES, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 99–2157.**

United States Court of Appeals, Second Circuit.

April 2, 2004.

---

Randolph Z. Volkell, North Bellmore, NY, for Appellant.

William A. Burck, Assistant United States Attorney (Gary Stein, Assistant United States Attorney, James B. Comey, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee, of counsel.

Present: FEINBERG, CABRANES and POOLER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **VACATED** and the cause **REMANDED** for further proceedings consistent with this order.

Pursuant to a plea agreement, Elvin Reyes pleaded guilty in August 1994 to one count of conspiracy to distribute heroin, for which he was sentenced principally to 168 months' imprisonment. Among other things, the plea agreement limited Reyes' right to appeal:

> It is ... agreed ... that Elvin Reyes will not appeal any sentence within or below the stipulated Guidelines range [of 151 to 188 months' imprisonment].

The District Court acknowledged at sentencing that "under some circumstances as set forth in [the] plea agreement [the defendant] or the government may have the right to appeal any sentence that [the District Court] impose[s]."

In January 1996, Reyes commenced the instant habeas proceeding in the District Court, alleging, among other things, that his counsel was ineffective in failing to file a notice of appeal on Reyes' behalf in spite of the fact that Reyes had requested counsel to do so. Reyes claimed that he had been promised a term of imprisonment of no more than 151 months. The Government opposed Reyes' position on the ground that his waiver in the plea agreement precluded his right to appeal his sentence, which was within the stipulated range of 151 to 188 months' imprisonment, and thus an appeal on that issue would have been frivolous and the failure to make the appeal could not constitute ineffective assistance of counsel.

In a Memorandum and Order dated December 18, 1998, from which Reyes presently appeals, the District Court determined that Reyes' counsel was not *per se* ineffective for failing to file an appeal when requested to do so by Reyes, in light of Reyes' waiver of his right to a direct appeal through a plea agreement.

Since that ruling, the Supreme Court has held that, where a defendant has specifically instructed his counsel to file an appeal, and counsel disregards that instruction, counsel has "act[ed] in a manner that is professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 477, 120

S.Ct. 1029, 145 L.Ed.2d 985 (2000). Consequently, the Government moved in this Court in January 2001 to remand for an evidentiary hearing on the question of whether Reyes had requested that his trial counsel file an appeal. In February 2003, a motions panel of this Court denied the Government's motion.

In May 2003, the Government moved again to remand for an evidentiary hearing and, in addition, to vacate the District Court's ruling in light of *Flores–Ortega.* In August 2003, a motions panel of this Court denied the Government's motion without prejudice to renewal and pursuit of its claims during our consideration of the merits of Reyes' appeal.

With the merits of Reyes' appeal now before us, the Government concedes that even though Reyes waived his right to a direct appeal through a plea agreement, his counsel would have been *per se* ineffective if he had ignored a request from Reyes to file a notice of appeal. Notwithstanding this concession, the Government requests that we remand the cause to the District Court for a hearing on whether Reyes did in fact request that his trial counsel file a notice of appeal. Because the District Court did not consider, much less decide, that question, we agree that a remand is appropriate.

In remanding, we are not unmindful of the significant passage of time since Reyes filed his petition in the District Court in 1996 and since he sought a certificate of appealability from this Court in 1999. Accordingly, we instruct the District Court to hold within 45 days a hearing on the matter of Reyes' factual claim that he did in fact request that his trial counsel file a notice of appeal. We intimate no view as to the ultimate merits of any decision by the District Court.

Jurisdiction in the Court of Appeals will be renewed in this panel and restored automatically by letter of either party upon disposition of the District Court. *See United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994). By no later than 14 days following the filing of the District Court's order, the parties shall submit an appendix with materials relevant to the appeal, including, at a minimum, a copy of the District Court's order.

For the foregoing reasons, the judgment of the District Court is hereby **VACATED** and the cause **REMANDED** for further proceedings consistent with this order.

The mandate shall issue forthwith.